IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE ANTHONY JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-855-R |
| | ) |
| JEROLD BRAGGS, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 regarding his conviction in the District Court of Oklahoma County in Case No. CF-1984-1993. *See* Doc. 1, at 1. Pursuant to 28 U.S.C. § 636(b)(1), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On October 5, 2018, Judge Erwin issued a Report and Recommendation ("R&R") wherein he recommended the habeas petition be denied. *See* Doc. 8. The matter is currently before the Court on Petitioner's timely objection to the R&R, *see* Doc. 9, which gives rise to this Court's obligation to review *de novo* those portions of the R&R to which Petitioner makes specific objection. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ."). Having

conducted this *de novo* review, the Court ADOPTS Judge Goodwin's R&R and DISMISSES Petitioner's habeas petition.[1]

On February 20, 1985, Petitioner pled guilty to first-degree murder, first-degree rape, robbery with a dangerous weapon, and oral sodomy. *Id*.; *see also* Doc. 1-3, at 2. He was sentenced to life imprisonment for murder, 100 years imprisonment for rape, 100 years imprisonment for robbery, and 20 years imprisonment for oral sodomy. *Id*. Petitioner neither appealed his conviction nor moved to withdraw his plea. *See* Doc. 1, at 2; Doc. 1-3, at 2–3.

On June 6, 2017—over thirty-two years after his conviction—Petitioner filed an Application for Post-Conviction Relief in Oklahoma state court, asserting the following propositions of error:

- The trial court lacked subject matter jurisdiction because the Information did not sufficiently allege the elements of the charged offenses;

- Petitioner's convictions and sentences violated constitutional protections against double jeopardy and state statutory protections against multiple punishments for the same criminal act;

- Petitioner's sentence was excessive;

- Petitioner's due process rights were violated by the state parole board's failure to promulgate certain rules for determining Petitioner's sentencing under applicable statutory matrices; and

---

[1] Judge Erwin dismissed this habeas petition under Rule 4 of the Rules Governing § 2254 Cases. Rule 4 states that, "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court may also apply Rule 4 to habeas petitions brought pursuant to § 2241, as Judge Erwin did. *See* Rule 1(b), Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered under Rule 1(a).").

- Petitioner received ineffective assistance of counsel when his attorney failed to investigate and raise a double jeopardy objection and failed to negotiate a favorable plea agreement.

*See* Doc. 1-3, at 3. The state district court denied Petitioner relief on numerous procedural grounds on August 17, 2017, and the OCCA affirmed the denial on March 23, 2018. *See* Doc. 1-3–1-4.

In his habeas petition, filed on September 4, 2018, Petitioner asserts two grounds for relief. Ground 1, brought pursuant to 28 U.S.C. § 2254, is an ineffective assistance of counsel claim—according to Petitioner, his trial counsel abandoned him and failed to perfect his direct appeal. *See* Doc. 1, at 5; Doc. 1-1, at 2–10. Ground 2, brought pursuant to 28 U.S.C. § 2241, challenges Petitioner's sentence; specifically, Petitioner argues that Oklahoma's failure to promulgate statutorily-mandated rules deprives him of his Due Process rights by precluding a determination of his parole eligibility. *See* Doc. 1, at 6–7; Doc. 1-1, at 10–11. In his R&R, Judge Erwin denied Petitioner relief on both grounds and dismissed the habeas petition, finding Ground 1 time-barred by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and Ground 2 meritless. Petitioner has objected to Judge Erwin's disposition of both grounds.

**Ground 1**

Petitioner argues in Ground 1 that his trial counsel was ineffective for failing to perfect his direct appeal. Considering the timeliness of Petitioner's habeas petition *sua sponte*, Judge Erwin concluded that Petitioner was time-barred from asserting Ground 1. Under AEDPA, "[a] 1-year period of limitation . . . appl[ies] to an application for a writ of

3

habeas corpus" by a person in state custody. 28 U.S.C. § 2244(d)(1); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Under § 2244(d)(1)(A), Petitioner's time to petition for habeas relief expired around March 4, 1986, a year after his conviction became final. *See Levering v. Dowling*, 721 F. App'x 783, 786 (10th Cir. 2018) (noting that habeas petitioner's conviction becomes final under Oklahoma law ten days after his sentence is pronounced). As Petitioner did not file this habeas petition until September 4, 2018, the petition is untimely unless statutory or equitable tolling applies.

Judge Erwin found that no tolling applies to Petitioner's habeas petition—and the Court agrees with this conclusion. *See* Doc. 8, at 4–8. Objecting to the R&R, Petitioner argues that his general ignorance of appeals procedure, and the law more broadly, should excuse his late application for habeas relief. *See* Doc. 9, at 1–2. Plainly, a habeas petitioner's unfamiliarity with appellate procedure is not an enumerated ground under

4

§ 2244(d)(1); thus, Petitioner does not show that AEDPA's limitations period began running on a date later than the date his conviction became final. Moreover, equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's avowed ignorance of the law neither constitutes extraordinary circumstances outside Petitioner's control nor excuses his decades-long failure to file a habeas petition. *See id.* ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Accordingly, the Court adopts Judge Erwin's thorough analysis of this issue and denies Petitioner relief on Ground 1.[2]

**Ground 2**

In Ground 2 Petitioner alleges that Oklahoma's failure to recalculate his sentence under the state's Truth in Sentencing Act violates his due process rights. *See* Doc. 1, at 6–7; Doc. 1-1, at 10–11; Doc. 9, at 3–4. For prisoners whose crimes were committed before July 1, 1998, like Petitioner, the statute sets initial dates for parole consideration at either one-third of the actual sentence or a percentage of the sentencing matrix for the crime. *See*

---

[2] In his habeas petition, Petitioner also argues that, since Oklahoma does not have a time limit for filing an application for postconviction relief, he was entitled to statutory tolling during the pendency of his postconviction application, even though it was filed decades after his conviction became final. *See* Doc. 1, at 13; Doc. 8, at 5. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "a petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it." *Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006) (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001)). As Judge Erwin noted in his R&R, Petitioner's state postconviction application was filed well after AEDPA's limitations period ran. Doc. 8, at 5. Thus, it did not toll that limitations period. *Id.* The Court agrees with Judge Erwin's conclusion.

57 O.S. § 332.7(A)(1). Moreover, the statute directs the Pardon and Parole Board to "promulgate rules for the implementation of subsection A . . . ." *Id*. § 332.7(G). Petitioner argues that Oklahoma's failure to promulgate rules has left him with an unconstitutional sentence, thereby impeding his "entitlement" to parole. *See* Doc. 1, at 6–7.

As Judge Erwin notes in his R&R, Petitioner has no constitutionally-protected liberty interest in parole under Oklahoma law because "the grant of parole is discretionary." *Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008). Moreover, language in 57 O.S. § 332.7 mandating *consideration* for parole after certain conditions are met does not create a constitutionally-protected liberty interest in parole itself, as the Tenth Circuit has held. *See Hunter v. Beck*, 244 F. App'x 848, 852 (10th Cir. 2007) ("'[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause.'" (quoting *Olim v. Wakinekona*, 461 U.S. 238, 251 n.12 (1983))); *see also* Doc. 8, at 9–10. Petitioner reasserts the arguments raised in his habeas petition in his objection to the R&R, along with conclusory allegations that Oklahoma's parole process is unfair and biased, but these arguments remain insufficient to invoke a protected liberty interest about which the Due Process Clause is concerned. *See* Doc. 9, at 3–4. Thus, as "[f]ederal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law," *Johnson v. Patton*, 580 F. App'x 646, 650 (10th Cir. 2014), Petitioner is not entitled to habeas relief on Ground 2.

Having conducted its *de novo* review, the Court ADOPTS Judge Erwin's R&R in full and DISMISSES Petitioner's habeas petition. Moreover, pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court further DENIES Defendant a

6

certificate of appealability as he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED this 27th day of February 2019.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE